Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

**ORIGINAL**

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3907 | **DATE** | 9/6/2002 |
| **CASE TITLE** | Shaun R. Johnson vs. Officer Rivera, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendants' motion to dismiss Counts VI-X [66-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 10 2002 date docketed | |
| | Notified counsel by telephone. | | 72 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 9/5/2002 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| DK | courtroom deputy's initials | 02 SEP -9 AM 8:49  Date/time received in central Clerk's Office | DK mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUN R. JOHNSON, ) | DOCKETED |
| ) | SEP 1 0 2002 |
| Plaintiff, ) | |
| ) | Case No. 98 C 3907 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Morton Denlow |
| OFFICER RUBEN RIVERA, ) | |
| OFFICER MATTHEW MARTINEZ, ) | |
| OFFICER GEOFFREY HOWARD, ) | |
| OFFICER WILLIAM PELLEGRINI, ) | |
| SERGEANT MARIO LEDESMA, and) | |
| MICHAEL F. SHEAHAN, as the ) | |
| SHERIFF OF COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case raises two interesting issues concerning the interrelationship of federal and state remedies in prisoner litigation. The first issue is whether the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies before filing state law claims with respect to prison conditions. The second issue is whether state law claims for which the statute of limitations has expired are revived when brought in federal court pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 ("§ 1367"). Because both of these questions are answered in the negative, Defendants' motion to dismiss Counts VI-X (state law claims) of Plaintiff's Second Amended Complaint is granted.

### I. PROCEDURAL HISTORY

On June 24, 1998, Shuan R. Johnson ("Plaintiff" or "Johnson") filed his *pro se*

complaint in the Northern District of Illinois against Defendants Ruben Rivera, Matthew Martinez, Geoffrey Howard, and William Pelligrini alleging claims under 42 U.S.C. § 1983 ("§ 1983") resulting from events of December 23, 1995.[1] On February 9, 1999, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) claiming Plaintiff failed to file a timely complaint. *Johnson v. Rivera*, No. 98-C-3907, slip op. at 1 (N.D.Ill. Apr. 1, 1999). The Honorable Ruben Castillo of this Court granted Defendants' motion to dismiss. *Id.* Judge Castillo accepted, for the purposes of the motion, that Johnson filed a grievance and Defendants destroyed his grievance form. *Id.* at 2. However, Judge Castillo found Defendants' conduct did not excuse Plaintiff's two and a half year delay in filing his complaint. *Id.* Plaintiff then appealed this decision.

The Seventh Circuit reversed, holding Johnson's suit was timely. *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001). In *Johnson*, the court explained federal courts adopt the forum state's statute of limitations for personal injury claims because § 1983 does not contain an express statute of limitations. *Id.* at 521. Illinois' statute of limitations for such claims is two years. *Id.* The court also explained how federal courts borrow state's tolling rules and cited to 735 ILCS 5/13-216, Illinois' tolling statute.

---

[1] On December 23, 1995, Johnson was an inmate in the Cook County Department of Corrections. The toilet in Johnson's cell malfunctioned and Johnson was denied access to a functioning toilet. Second Amended Complaint at ¶¶ 11-13, 16-19. Johnson stated his intention to file a grievance and thereafter an incident occurred between Johnson and the Defendants. *Id.* at ¶¶ 20-22, 26-28. Afterwards, Johnson prepared a grievance and placed it in the location assigned to his cell for out-going mail. *Id.* at ¶ 8. For a fuller recital of the background facts see *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).

2

The court found the PLRA requires exhaustion of administrative remedies prior to filing suit under § 1983 and applied the Illinois tolling statute to avoid a procedural "catch 22". *Id.* The "catch 22" presented to the Seventh Circuit was "the prisoner who files suit under § 1983 prior to exhausting administrative remedies risks dismissal based upon § 1997e; whereas the prisoner who waits to exhaust his administrative remedies risks dismissal based upon timeliness." *Id.* at 522. To avoid this "catch 22," the court held federal courts relying on Illinois' statute of limitations in § 1983 cases must toll the limitations period while a prisoner completes the administrative grievance process. *Id.* Accepting all well-pleaded facts in Johnson's complaint as true, the court accepted Johnson's assertions of misconduct by the Defendants, and reversed the district court's decision because the statute of limitations was tolled. *Id.*

On remand, Johnson filed his Second Amended Complaint on May 15, 2002, adding Defendants Mario Ledesma and Michael F. Sheahan and adding state law claims for negligence, negligent supervision and training, assault, battery, and intentional infliction of emotional distress. *See* Second Amended Complaint. On June 10, 2002, Defendants filed a motion to dismiss counts IV (federal claims against Ledesma and Sheahan) and VI - X (state law claims). Oral argument was held on August 15, 2002. At oral argument, Plaintiff agreed to voluntarily dismiss Sheahan, without prejudice, from count IV. This Court denied the motion to dismiss count IV against Ledesma. This memorandum opinion addresses the motion to dismiss the state law claims which were raised for the first time in the Second

Amended Complaint.

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6); *Johnson*, 272 F.3d at 520-21. The Court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *Id.* at 520.

## III. ISSUE PRESENTED

The issue presented is whether Plaintiff's state law claims are timely. Specifically, this Court must determine whether the one-year statute of limitations period for the state law claims was tolled while Johnson completed the administrative grievance process pursuant to the PLRA and whether the PLRA and § 1367 allow Plaintiff to raise the state law claims at this late date.

## IV. ANALYSIS

### A. ONE YEAR STATUTE OF LIMITATIONS FOR STATE LAW CLAIMS AND ILLINOIS TOLLING STATUE

This lawsuit arises out of a December 23, 1995 incident in which Plaintiff claims he was beaten by certain Defendants. The original complaint brought against Defendants was filed on June 24, 1998. The second amended complaint brought against Defendants, adding state law claims, was filed on May 15, 2002. In Illinois, any civil action against a local entity or its employees for injury is subject to a one-year statute of limitations. 745 ILCS 10/8-101;

4

*Tosado v. Miller*, 720 N.E.2d 1075, 1080 (Ill. 1999); *Greb v. Forest Pres. Dist. of Cook County*, 752 N.E.2d 519, 522 (Ill. App. Ct. 2001) (holding the Tort Immunity Act's one year statute of limitations applies to a party seeking to sue a local governmental entity or its employees in tort). Therefore, the statute of limitations on Plaintiff's state law claims expired on December 23, 1996.

Relying on the Seventh Circuit's decision in *Johnson*, Plaintiff asks this Court to toll the limitations period on his state law claims while he completes the administrative grievance process. Federal courts borrow state's tolling rules, including equitable tolling doctrines. *Johnson*, 272 F.3d at 521. The Illinois tolling statute provides: "When the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." 735 ILCS 5/13-216. A federal court must toll the statute of limitations if a "statutory prohibition" exists to prevent a plaintiff's cause of action. *Johnson*, 272 F.3d at 521. Plaintiff claims the PLRA is the "statutory prohibition" that should toll the state causes of action.

Negligence, negligent supervision and training, assault, battery, and intentional infliction of emotional distress are all state causes of action. Plaintiff had an entire year after December 23, 1995 to file these claims in state court. He did not do so. Furthermore, Plaintiff filed a complaint and first amended complaint in federal court in which no state law claims were brought. There is no question that these claims would be dismissed if they were

5

filed in state court at this late date. It seems paradoxical that Plaintiff could assert state court actions in federal court at this late stage, but had he filed his complaint in state court, it would be dismissed due to the statute of limitations. Plaintiff relies upon the PLRA for his argument.

**B.  PLRA**

The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Plaintiff claims his state law claims are timely arguing the statute of limitations applicable to the state law claims are subject to the same tolling principles as his § 1983 claims because the PLRA mandates exhaustion for these claims just as it mandates exhaustion for Johnson's § 1983 claims. *Johnson*, 272 F.3d at 522 (holding "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process").

Plaintiff relies on the Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516 (2002) for the proposition the state law claims should be tolled. In *Porter*, the plaintiff's complaint involved both federal and state claims. *Nussle v. Willette*, No. 3:99-CV-01091 (D. Conn. June 10, 1999). Plaintiff is correct that the Supreme Court held § 1983 claims alleging isolated incidents of prisoner abuse are subject to the PLRA's exhaustion requirement.

*Porter*, 534 U.S. at 986. However, in the Supreme Court's opinion, Justice Ginsburg specifically identifies the issue before the Court as "the obligation of prisoners who claim denial of their *federal rights* while incarcerated to exhaust prison grievance procedures before seeking judicial relief." *Id.* at 985 (emphasis added). Furthermore, the Court's opinion makes no mention of the state claims of assault and battery alleged in the complaint.

This Court does not read the *Porter* opinion to address the state claims, but rather, reads the decision to only include the federal rights plaintiff asserted. In discussing the case, the Court refers to the complaint charging violations of the Eighth Amendment's ban on "cruel and unusual punishment" but makes no references to the complaint charging violations of assault and battery. *Id.*

## C. 28 U.S.C. § 1367

Johnson's argument centers around the fact that he brought his state law claims pursuant to § 1367. He argues § 1367 is a federal law for purposes of the PLRA. § 1367 is titled Supplemental jurisdiction and provides in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The supplemental jurisdiction statute also provides circumstances for which the district court may decline to exercise supplemental jurisdiction over a claim such as a novel or complex issue of state law, a state law claim substantially predominating over

7

the claim, dismissal of all claims which the district court had original jurisdiction, or exceptional circumstances. 28 U.S.C. § 1367(c). "Supplemental jurisdiction is invoked over state-law claims asserted in the same case as a sufficiently related claim that invokes federal subject matter jurisdiction, and not in some separate proceeding." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3567.3.

In support of his proposition, Johnson relies on two decisions out of the Sixth Circuit, *Hrynczyn v. Mitchell*, 21 Fed. Appx. 299, 2001 WL 1299027 (6th Cir. 2001) and *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999). In *Hartsfield*, the plaintiff brought both an action under § 1983 and state claims of assault, battery, intentional infliction of emotional distress, and negligence. 199 F.3d at 306-7. The Sixth Circuit held, without citing any cases, a claim brought pursuant to the federal diversity statute is brought under a federal law and any claim concerning prison conditions brought under any federal law must first be exhausted. *Id.* at 309. Therefore, the state law claims were not exempt from the PLRA exhaustion requirement. *Id.* In *Hrynczyn*, the Sixth Circuit dismissed both the § 1983 claims and the state law claims of assault and negligence because the plaintiff failed to exhaust his administrative remedies. 2001 WL 1299027 at *1-2.

This Court is not bound by the Sixth Circuit's decisions and respectfully disagrees with its analysis. In this case, the Plaintiff is claiming a supplemental state law claim pursuant to § 1367 while in *Hartsfield*, the plaintiff's claim was pursuant to the federal diversity statute. 199 F.3d at 309. Federal supplemental jurisdiction and diversity

8

jurisdiction are procedural devices by which federal courts can decide state substantive claims. A plaintiff's challenge of prison conditions is a substantive claim; Plaintiff is not challenging prison conditions under § 1367 but rather under state causes of action. This distinction is important because this Court interprets the PLRA's reference to bringing an action "with respect to prison conditions under section 1983 of this title, or any other Federal law," to mean federal substantive law by which prison conditions may be addressed, not federal procedural law by which state causes of action can be brought. Therefore, the state claims of assault, battery, negligence, negligent supervision and training, and intentional infliction of emotional distress are not matters of federal law, and are not to be swept into the exhaustion requirement of the PLRA.

Because Plaintiff's state law claims are only subject to federal jurisdiction via § 1367, they do not fall under the PLRA meaning of "any other Federal law." Therefore, the state claims are not subject to the PLRA's exhaustion requirement and are dismissed as untimely. *See Nunez v. Goord*, 172 F.Supp.2d 417, 430 (S.D.N.Y. 2001) (holding because plaintiff's claim alleging negligence under New York State law does not invoke § 1983 or any other federal law, it is not subject to the PLRA's exhaustion requirement).

This Court realizes problems may arise as a result of this decision such as law suits filed in both federal and state courts; however, this problem is for the legislature to unravel. This Court rejects the Plaintiff's argument that he can proceed with his state law claims in federal court even though he could not do so in state court.

## D. CONCLUSION

In Illinois, any civil action against a local entity or its employees for injury is subject to a one-year statute of limitations. Plaintiff's Second Amended Complaint adding state court claims is untimely because it was filed six and a half years after the incident occurred and the PLRA does not apply to toll the statute of limitations for state claims. For the reasons set forth in this opinion, **Defendants' motion to dismiss counts VI-X is granted.**

**SO ORDERED THIS 6th DAY OF SEPTEMBER, 2002.**

*/s/ Morton Denlow*
**MORTON DENLOW**
**United States Magistrate Judge**

**Copies mailed to:**

Michael J. Summerhill
Gregory S. Bailey
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

**Attorneys for Plaintiff**

John A. Ouska
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602

**Attorney for Defendants**